Rose, Appellee, *v.* Kelsey et al., Appellants.

(No. 7739—Decided June 22, 1953.)

*Mr. Paul J. Crone,* for appellee.

*Mr. Robert Fosdick,* for appellant Lottie L. Kelsey.

*Messrs. McIntosh, Moore & Katz,* for appellant Buckeye Union Casualty Company.

Matthews, P. J. This is an appeal by a paid surety on a realtor's bond given in compliance with Section 6373-35, General Code, from a judgment of the Municipal Court of Cincinnati.

It appears from the record that the defendant casualty company, appellant herein, became surety in the penal sum of $1,000 for the year 1950, and that upon the renewal of the realtor's license for 1951, it was paid a premium for that year. No new bond was executed. The default upon which the judgment was rendered in this case took place in 1951.

By answer, the defendant surety alleged that a judgment for $1,000 had been theretofore rendered against it for another default, which was the full amount of its liability on the bond sued upon.

The defendant introduced in evidence a certified copy of the transcript of the record of the case in which the judgment was rendered in support of its defense. This record shows that the contract out of

which the realtor's default arose was entered into on December 5, 1950, and that the judgment against the realtor included interest from December 5, 1950. At no place does it appear when the realtor defaulted. Inferentially, at least, it appears that the receipt of the money by the realtor and her default occurred simultaneously. If so, the breach upon which the judgment was rendered occurred in 1950, whereas, the breach sued on in the case at bar occurred in 1951.

The record suggests several interesting questions as to the liability of a compensated surety on a realtor's bond on which renewal premiums have been paid. Is its liability limited to the amount of the penalty in the original bond, or did the acceptance of a premium for a succeeding year bind the surety to another penalty in the same amount? The statute furnishes no definite answer to this question. It does provide in Section 6373-38, General Code, that all licenses shall expire on December 31 of the year in which they are issued, and that they may be renewed upon application, without recommendation or examination, if made before that date. It could be argued that as the law expressly dispenses with recommendation and examination on a renewal, it indicated an intention that all other conditions, including the bond of the original application, were renewed. When does the liability of the surety attach? Does it attach at the inception of the transaction between the realtor and his customer or when the realtor defaults in his duty toward the customer under the act? Is the fact that the bond is an indemnity against default in the performance of many and continuous duties, rather than of a specific duty, material? Is an unsatisfied judgment against the surety for the full amount of the penalty for one default a defense to an action against the surety based on another default?

We have found no Ohio case furnishing an answer to any of these specific questions. A case having some relevancy to the question of whether a separate penalty is imposed by each renewal is that of *Rankin, Recr.*, v. *United States Fidelity & Guaranty Co.*, 86 Ohio St., 267, 99 N. E., 314, and the whole subject is elaborately discussed in the annotations to the cases of *State, ex rel. Freeling, Atty. Genl.*, v. *New Amsterdam Casualty Co.* (110 Okla., 23, 236 P., 603), in 42 A. L. R., 829, and *United States* v. *American Surety Co. of New York* (172 F. [2d], 135), in 7 A. L. R. (2d), 940. The annotations show that in most cases the decision turned on the specific facts. About the only general rule to be derived from them is that the contract must be construed most strongly against the obligor. As this is a bond required by statute, it would seem that the spirit and purpose of the law should determine the matter in the absence of any specific provision in the statute. The purpose would seem to be to have the public protected by indemnity of $1,000 at all times, which purpose would not be served by a bond, the full extent of the liability of which had been exhausted.

By Section 6373-33, General Code, the board of real estate examiners is given authority to make rules and regulations as to the form and manner of filing applications. Under that authority, it has prescribed a bond not only for a person seeking an original license, but also for a realtor seeking a renewal, thereby indicating its intention to require a new bond on renewal or at least the equivalent of a new bond by payment of the renewal premium, thereby continuing the original bond.

We are inclined to and do hold that under the statute each year is a separate unit, and that each renewal must be accompanied by a bond to answer for any default during that year. If we are right, then satisfac-

tion of a default in a prior year would be no defense to an action based on a default in a later year. And if satisfaction would not be a defense, for stronger reasons an unsatisfied judgment, based on such default, would not be a defense.

As we have found that these two defaults do not appear to have occurred in the same year, we are not required to consider the effect an unsatisfied judgment for one default would have upon the liability for another default occurring in the same year.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross and HILDEBRANT, JJ., concur.